UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KEITH DARNELL JOHNSON,<br><br>Plaintiff,<br><br>v.<br><br>CALIFORNIA CORRECTIONAL HEALTH SERVICES,<br><br>Defendant. | No. 2:25-cv-1423 DC CSK P<br><br><br><u>ORDER TO SHOW CAUSE</u> |

Plaintiff is a state prisoner proceeding pro se. Plaintiff seeks relief pursuant to 42 U.S.C. § 1983 and requested leave to proceed in forma pauperis pursuant to 28 U.S.C. § 1915. This proceeding was referred to this Court by Local Rule 302 pursuant to 28 U.S.C. § 636(b)(1). As discussed below, plaintiff is ordered to show cause why this case should not be dismissed based on plaintiff's failure to exhaust his administrative remedies prior to filing this action.

I.   SCREENING STANDARDS

The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). Pursuant to the initial screening of a complaint under 28 U.S.C. § 1915A, a court may dismiss an action for failure to exhaust administrative remedies. See Bennett v. King, 293 F.3d 1096, 1098 (9th Cir. 2002) (affirming district court's sua sponte dismissal of prisoner's complaint because he

1

failed to exhaust his administrative remedies). Thereafter, failure to exhaust is an affirmative defense that must be raised and proved by the defendant. Wyatt v. Terhune, 315 F.3d 1108, 1112 (9th Cir. 2003).

II.   PLAINTIFF'S COMPLAINT

Plaintiff alleges his privacy rights were violated by a data breach in 2023. The California Correctional Health Care Services ("CCHCS") advised plaintiff on April 7, 2025, that an unidentified employee sent an unencrypted email containing plaintiff's "PHI" to an unauthorized recipient at their personal email address.[1] (ECF No. 1 at 8.) The "PHI" contained plaintiff's last name, California Department of Corrections and Rehabilitation ("CDCR") number, risk level, and medical information. (Id.)

In his complaint, filed on May 21, 2025, and signed on May 1, 2025, plaintiff admits there is a grievance process at his institution, acknowledges he filed an appeal or grievance concerning his claims, and in response to the question whether the process was completed, put a check mark by "Yes." (ECF No. 1 at 2.) Plaintiff then explained, "redirected to CCHCS to begin process of lawsuit exhausted administrative remedy." (Id.) Also, plaintiff appended a copy of an "Office of Grievances Decision," Log No. 729782, dated April 25, 2025, stating that the CDCR received plaintiff's grievance submitted on April 18, 2025, and the "matter was redirected to the CCHCS," and the Health Care Grievance Coordinator would respond separately. (Id. at 6.) Plaintiff also appended a copy of an appeal form dated May 1, 2025, for OGT Log No. 729782, and the form states it should be mailed to the Office of Appeals. (Id. at 7.)

III.   PLAINTIFF'S SUBSEQUENT FILINGS

Subsequently, plaintiff filed additional documents concerning the administrative appeals process. (ECF Nos. 8, 10, 11.) For example, on June 16, 2025, plaintiff filed a copy of CCHCS' institutional level assignment notice dated May 8, 2025, stating that plaintiff's grievance RJD HC 25000647 was accepted for response, and assigned a due date of June 30, 2025. (ECF No. 8 at 2.) Plaintiff filed a copy of a "Claimant Grievance Receipt Acknowledgment," Log No. 729782,

---

[1] The acronym "PHI" stands for "protected health information." Cal. Code Regs. tit. 15, § 3999.215.

1  dated April 21, 2025, stating that the CDCR received plaintiff's "grievance or request for
2  reasonable accommodation," assigned it "for review and response," and noted the department
3  would complete its review of plaintiff's claims no later than sixty calendar days, or June 21, 2025.
4  (Id. at 3.)  Plaintiff was advised that once he received a response, if he was dissatisfied with the
5  decision, he may file an appeal with the CDCR Office of Appeals.  (Id.)

6  On July 7, 2025, plaintiff filed a letter to the Clerk advising that plaintiff's grievance had
7  been sent to headquarters for the appeal review, and would send the last and final review as soon
8  as plaintiff gets it.  (ECF No. 10 at 1.)  Plaintiff provided a copy of the June 27, 2025 institutional
9  response to RJD HC 25000647, which advised plaintiff he must appeal to headquarters to
10 exhaust.  (ECF No. 10 at 2-3.)

11 On July 21, 2025, plaintiff filed another letter stating that the prior grievance he submitted
12 was not a health care 602, adding "mental health records pending." (ECF No. 11 at 1.)  Plaintiff
13 provided a copy of the CCHCS institutional level response to RJD HC 25000685, dated July 8,
14 2025, denying plaintiff's privacy breach grievance, and advising plaintiff that if he is dissatisfied
15 with the response, he must submit his grievance package to headquarters because the
16 headquarters' level review constitutes the final disposition on the grievance and exhausts
17 plaintiff's administrative remedies.  (ECF No. 11 at 2-3.)

18 IV.    EXHAUSTION OF ADMINISTRATIVE REMEDIES

19 Plaintiff's claims challenging his conditions of confinement are subject to the Prison
20 Litigation Reform Act ("PLRA"), 42 U.S.C. § 1997e(a).  "The PLRA mandates that inmates
21 exhaust all available administrative remedies before filing 'any suit challenging prison
22 conditions,' including, but not limited to, suits under § 1983." Albino v. Baca, 747 F.3d 1162,
23 1171 (9th Cir. 2014) (quoting Woodford v. Ngo, 548 U.S. 81, 85  (2006)).  The Supreme Court
24 has held that courts may not excuse an inmate's failure to exhaust administrative remedies prior
25 to bringing suit under the PLRA, even to consider "special" circumstances.  Ross v. Blake, 578
26 U.S. 632, 640 (2016).  Regardless of the relief sought, a prisoner must exhaust administrative
27 remedies before filing in federal court.  Booth v. Churner, 532 U.S. 731, 736, 741 (2001); Ross,
28 532 U.S. at 741.  In other words, exhaustion is a precondition to suit; exhaustion during the

pendency of the litigation is insufficient.  McKinney v. Carey, 311 F.3d 1198, 1199-1200 (9th Cir. 2002).

"Proper exhaustion demands compliance with an agency's . . . critical procedural rules." Woodford v. Ngo, 548 U.S. at 90.  Such rules are defined "by the prison grievance system itself." Jones v. Bock, 549 U.S. 199, 218 (2007) (quoting Woodford, 548 U.S. at 88).

California regulations distinguish prisoners' health care appeals from other types of grievances.  Health care appeals are governed by Title 15 of the California Code of Regulations, Article 5, § 3999.225, et seq.  The health care grievance process provides an administrative remedy "for review of complaints of applied health care policies, decisions, actions, conditions, or omissions that have a material adverse effect on [prisoners'] health or welfare."  Cal. Code Regs. tit. 15, § 3999.226(a).

The regulations provide for two levels of review for a health care appeal.  First, an inmate who files a health care grievance will receive review at the institutional level.  Cal. Code Regs. tit. 15, § 3999.226(a)(1).  In submitting a grievance, an inmate is required to "document clearly and coherently all information known and available to him or her regarding the issue" and identify the staff member involved.  Id. § 3999.227(g).  The appeal should not involve multiple issues that do not derive from a single event.  Id. § 3999.227(e).  An inmate has thirty calendar days to submit his or her appeal from the occurrence of the action or decision being appealed or from "[i]nitial knowledge of the action or decision being grieved."  Id. § 3999.227(b).

If a prisoner is "dissatisfied with the institutional level health care grievance disposition, the grievant may appeal the disposition by completing and signing Section B of the CDCR 602 HC and submitting the health care grievance package [for headquarters' level review] to HCCAB."  Cal. Code Regs. tit. 15, § 3999.229(a).  "The headquarters' level review constitutes the final disposition on a health care grievance and exhausts administrative remedies."  Id. § 3999.230(h).  The exhaustion requirement is echoed in another section:

> Health care grievances are subject to a headquarters' level disposition before administrative remedies are deemed exhausted pursuant to section 3999.230.  A health care grievance or health care grievance appeal rejection or withdrawal does not exhaust administrative remedies.

4

1  Id. § 3999.226(g).

2  Relevant here, exhausting administrative remedies while a suit is pending does not satisfy the exhaustion requirement. See 42 U.S.C. § 1997e(a) ("No action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted."). Under the PLRA, inmates must exhaust administrative remedies before filing suit. McKinney, 311 F.3d at 1199 ("[T]he PLRA's exhaustion requirement does not allow a prisoner to file a complaint addressing non-exhausted claims, even if the prisoner exhausts his administrative remedies while his case is pending.").

The exhaustion question in PLRA cases should be decided as early as feasible. See Jones, 549 U.S. at 213. A plaintiff is not required to specially plead or demonstrate the facts necessary to prove exhaustion. Id. at 216. However, where a failure to exhaust is clear from the face of the complaint, it may be dismissed for failure to state a claim. Albino v. Baca, 747 F.3d 1162, 1169 (9th Cir. 2014). In addition, "[a] prisoner's concession to nonexhaustion is a valid ground for dismissal, so long as no exception to exhaustion applies." Wyatt v. Terhune, 315 F.3d 1108, 1120 (9th Cir. 2001) (overruled on other grounds by Albino, 747 F.3d at 1166).[2]

III.   DISCUSSION

Here, despite plaintiff affirmatively responding that the exhaustion process was completed, plaintiff added "redirected to CCHCS to begin process of lawsuit exhausted administrative remedy." (ECF No. 1 at 2.) While plaintiff's written statement is unclear, even if plaintiff believed that grievance Log No. 729782 exhausted his administrative remedies, the documents appended to plaintiff's complaint demonstrate that his administrative remedies were not exhausted by grievance Log No. 729782, but rather the grievance was redirected to CCHCS. Exhibits appended to a complaint are a part thereof for all purposes. See Fed. R. Civ. P. 10(c).

---

[2] In Wyatt, the Ninth Circuit held a defendant should raise failure to exhaust available administrative remedies under the Prison Litigation Reform Act, 42 U.S.C. § 1997e(a), by an unenumerated rule motion under Rule 12(b) of the Federal Rules of Civil Procedure. 315 F.3d at 1119. Subsequently, the Ninth Circuit overruled Wyatt to hold the proper framework for a defendant to challenge exhaustion is "under . . . the existing rules" rather than through an unenumerated rule motion. Albino, 747 F.3d at 1166.

5

1    Further, on May 1, 2025, plaintiff signed a CDCR 602-2 form appeal of grievance to the Office of Appeals.  (ECF No. 1 at 7.)  Because plaintiff signed both his civil rights complaint and his appeal to the Office of Appeals on May 1, 2025, plaintiff could not have completed exhaustion of his administrative remedies through the headquarters level of review as required by prison regulations, Cal. Code Regs. tit. 15, § 3999.230(h).  Similarly, plaintiff could not have completed an appeal through the headquarters level of review if the initial grievance was redirected on April 25, 2025 for review at the institutional level.

Plaintiff's subsequent filings support this Court's view that plaintiff failed to exhaust his administrative remedies before filing the instant action.  (ECF Nos. 8, 10, 11.)  In those filings, plaintiff refers to exhaustion, and provides copies of grievances and responses.  (Id.)  Because plaintiff refers to his efforts to exhaust in his complaint, and appended a copy of grievance Log No. 729782 which confirmed the grievance was redirected to CCHCS, and provided a copy of plaintiff's May 1, 2025 appeal to CCHCS, the Court incorporates the subsequent grievances provided by plaintiff based on plaintiff's references in the complaint and his incorporated exhibits thereto.  See Khoja v. Orexigen Therapeutics, Inc., 899 F.3d 988, 998 (9th Cir. 2018).  The CCCHS institutional level response to plaintiff's grievance No. RJD HC 25000685, dated July 8, 2025, denied plaintiff's breach of privacy claim, and advised plaintiff that if he was dissatisfied with the response, he must submit his grievance package to headquarters because the headquarters' level review constitutes the final disposition on the grievance and exhausts.  (ECF No. 11 at 2-3.)  This appeal response confirms that plaintiff's exhaustion efforts were ongoing during the pendency of this action.

Because it appears plaintiff may have misunderstood that exhaustion of administrative remedies must be completed before filing a complaint, the Court orders plaintiff to show cause, if he can in good faith, demonstrate why this action should not be dismissed without prejudice based on plaintiff's failure to exhaust his breach of privacy claim through the headquarters level of review before filing this action.  In the alternative, plaintiff may opt to voluntarily dismiss this case without prejudice.  If plaintiff opts to voluntarily dismiss this action, plaintiff is cautioned that he should not re-file a civil rights complaint until after headquarters has responded to

6

1  plaintiff's grievance No. RJD HC 25000685.  The Court appends a response form to assist
2  plaintiff in making his selection clear.
3       The Court defers ruling on plaintiff's request to proceed in forma pauperis until after
4  plaintiff responds to this order.  If plaintiff opts to proceed in this case, the Court will impose the
5  $350.00 filing fee[3] and recommend that plaintiff's complaint be dismissed based on plaintiff's
6  failure to exhaust administrative remedies prior to filing this action.
7       Accordingly, IT IS HEREBY ORDERED that plaintiff is ordered to show cause, within
8  thirty days from the date of this order, why this action should not be dismissed based on
9  plaintiff's failure to exhaust his administrative remedies before filing this action.  Plaintiff is
10 cautioned that failure to respond to this order to show cause will result in a recommendation that
11 this action be dismissed without prejudice.

13 DATED: September 11, 2025.

_____
CHI SOO KIM
UNITED STATES MAGISTRATE JUDGE

/1/john1423.fte.osc

---

[3] Plaintiffs are required to pay a court filing fee of $350.00 plus the $55.00 administrative fee. See 28 U.S.C. §§ 1914(a), 1915(a).  If leave to file in forma pauperis is granted, plaintiff will still be required to pay the filing fee but will be allowed to pay it in installments.  Litigants proceeding in forma pauperis are not required to pay the $55.00 administrative fee.

7

UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KEITH DARNELL JOHNSON,<br><br>Plaintiff,<br><br>v.<br><br>CALIFORNIA CORRECTIONAL HEALTH SERVICES,<br><br>Defendant. | No. 2:25-cv-1423 DC CSK P<br><br>RESPONSE TO ORDER TO SHOW CAUSE |

Plaintiff responds to the Court's Order to Show Cause ("OSC") as follows:

☐   Plaintiff appends his response to the OSC.

(Check this box if submitting a response to the OSC)

**OR**

☐   Plaintiff opts to voluntarily dismiss his complaint without prejudice to filing after he receives a grievance response from headquarters.

(Check this box if voluntarily dismissing the Complaint; if plaintiff chooses this option, the filing fee will not be imposed.)

DATED:

_____
Plaintiff

1